## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CITIZEN NOLA, LLC** | * | **CIV. NO.:** |
| | * | |
| **Plaintiff,** | * | |
| **Versus** | * | **SECTION:** |
| | * | |
| **GREENSOURCE BRAND APPAREL,** | * | |
| **INC.** | * | **JURY DEMAND** |
| | * | |
| **Defendant.** | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Citizen NOLA, LLC ("Citizen NOLA" or "Plaintiff"), which files this Complaint for Injunctive Relief and Damages, and alleges as follows:

## INTRODUCTION

1.     This action arises out of the infringement by Greensource Brand Apparel, Inc. ("Greensource" or "Defendant") of a trademark created, registered, and owned by Citizen NOLA.  Citizen NOLA seeks injunctive relief, damages, and attorneys' fees for injuries that have been caused by such use in violation of the Lanham Act (15 U.S.C. § 1051, *et seq.*) and Louisiana law.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the claims arise from Defendant's violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Per 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims,

which arise from the same transaction or occurrence and implicate the same questions of fact and related questions of law as the federal claims.

3.     Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1400(a) because the Defendant may be found in this district and under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PLAINTIFF

4.     Citizen NOLA is a Louisiana limited liability company domiciled in Orleans Parish.

## DEFENDANT

5.     Defendant, on information and belief, is a foreign corporation, incorporated and domiciled in the State of Washington.

## RELEVANT BACKGROUND

6.     Citizen NOLA is engaged in the business of production and sale, both wholesale and retail, of apparel and miscellaneous household goods intended to appeal principally to the local market in metropolitan New Orleans and the surrounding areas.  In this business, and particularly with respect to the apparel it produces and sells, Citizen NOLA focuses on products of a particularly high quality for the type of business in which it is engaged.  The blanks upon which Citizen NOLA prints its trademark taglines and trade dress are chosen from the best quality and most fashion forward examples available in the marketplace at the given time.

<u>**Plaintiff's Duly Registered Trademark**</u>



*Plaintiff's Design*

7.    In connection with its business, Citizen NOLA lawfully registered with the Louisiana Secretary of State the trademark "I LIKE BIG BEADS AND I CANNOT LIE" on October 26, 2012, for use in the sale of clothing/apparel.  (Reg. No. 640455).  A copy of the printout from the Louisiana Secretary of State website, showing the details of this registration, is attached hereto as Exhibit A.

8.    The abovementioned mark also bears a distinctive trade dress, belonging to Citizen NOLA, comprised of the overall look, quality, font, and color scheme of the mark.

9.    Contemporaneously with the registration of the mark and creation of the

3

corresponding trade dress, Citizen NOLA commenced the manufacture, marketing, distribution, and sale of apparel bearing the mark and dress, which ultimately included both men's and women's t-shirts of various styles.

10.     Citizen NOLA devoted a great deal of time, effort and money to the promotion of these products, and enjoyed success with the products during both the 2013 and 2014 Mardi Gras seasons.  As a result of Citizen NOLA's endeavors, the abovementioned trademark and trade dress came to be associated with Citizen NOLA.

11.     Based on its success in the previous Mardi Gras seasons, Citizen NOLA invested a substantial sum of money in printing t-shirts with the registered mark and trade dress for sale during the 2015 Mardi Gras season.

<u>**Defendant's Infringing Activities**</u>

 

*Plaintiff's Design*                    *Defendant's Infringing Products*

12.     However, early into the 2015 Mardi Gras season, Citizen NOLA learned that imitation/counterfeit apparel produced and supplied by Defendant, but bearing the trademark and trade dress owned by Citizen NOLA, was being sold in or around New Orleans.

13.     On information and belief, Defendant continued to produce and sell the counterfeit/imitation apparel through at least the end of the 2015 Mardi Gras season.

4

14.     The production and sale of the counterfeit/imitation apparel bearing Citizen NOLA's trademark and trade dress by Defendant has caused and will continue to cause Citizen NOLA irreparable harm.  Not only does Defendant's unlawful sale of the counterfeit/imitation apparel deprive Citizen NOLA of legitimate sales it would otherwise enjoy, the presence in the marketplace of the counterfeit/imitation apparel (utilizing materials of lesser and less fashionable quality) confuses the public, causing the public to attribute the counterfeit/imitation apparel to Citizen NOLA, damaging its reputation.

## CLAIMS

### Lanham Act Violation

15.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

16.     By reason of the foregoing, Defendant falsely designated and passed off itself as the creator and owner of Plaintiff's design.

17.     Defendant's negligent and/or willful actions in producing, displaying, and selling Plaintiff's trademark and trade dress without crediting Plaintiff constitutes unfair competition.

18.     By reason of the foregoing, Defendant has caused damages to Plaintiff by affixing and using in commerce such false descriptions or representations in violation of Plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19.     By reason of Defendant's false designation of origin, false description, and misrepresentation, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of lost profits, loss of goodwill, and damage to its reputation, all in amounts that are not yet fully ascertainable.

20.     By reason of Defendant's false designation of origin, false description, and misrepresentation as alleged above, Defendant is liable to Plaintiff for the actual damages suffered by Plaintiff as a result of Defendant's acts and any additional profits earned by Defendant as a result of said acts.

21.     Unless restrained and enjoined, Defendant's false designation of origin and false description and representation as alleged above will cause Plaintiff irreparable injury.

### Louisiana Trademark and Trade Dress Infringement

22.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

23.     Defendant's conduct constitutes trademark and trade dress infringement in violation of Louisiana law, including La. R.S. 51:211, *et seq.*

24.     Specifically, Defendant used, reproduced, counterfeited, copied, and/or imitated Plaintiff's duly registered mark and its trade dress, without Plaintiff's consent, in connection with the sale, offering for sale, and/or advertising of Defendant's goods and services, and in connection therewith likely caused confusion or mistake as to the source of origin of such goods or services, all in violation of La. R.S. 51:222(1).

25.     On information and belief, Defendant further applied such uses, reproductions, counterfeits, copies, and imitations to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in connection with the sale or other distribution in the State of Louisiana of such goods and services, in violation of La. R.S. 51:222(2).

26.     Defendant's conduct described hereinabove was likely to and did cause confusion, mistake, or deceit.

27.     Alternatively, Defendant's conduct described hereinabove was undertaken with

knowledge that their use of Plaintiff's mark and dress would be and was intended to cause confusion, mistake, or deceit.

28.     Accordingly, Defendant is liable unto Plaintiff for lost profits and damages, and should further be enjoined from the manufacturing, use, display, or sale of any counterfeits or imitations violating Plaintiff's trademark and trade dress rights.

29.     Further, unless restrained and enjoined, Defendant's false designation of origin and false description and representation as alleged above will cause Plaintiff irreparable injury.

## Louisiana Unfair Trade Practices

30.      Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

31.     Defendant's conduct constitutes unfair competition in violation of Louisiana law, including under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.*

32.     Defendant has engaged in misrepresentation and/or unethical conduct in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.*

33.     Defendant's unfair competition has damaged Plaintiff in a sum not presently known but believed to be significant.

34.     Plaintiff is entitled to injunctive relief, damages, attorneys' fees and the destruction of Defendant's infringing products.

## Louisiana Civil Code Article 2315 Damages Claim

35.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

36.     Defendant is liable under Louisiana Civil Code Article 2315 for damages caused

by the above-described wrongful acts as set forth in detail above.

## Unjust Enrichment

37.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

38.     Defendant has been unjustly enriched through the complained-of wrongful acts described herein and as set forth in detail above.  Defendant is therefore liable for damages for unjust enrichment.

## Jury Demand

39.     Plaintiff demands trial by jury of all issues so triable.

**WHEREFORE,** Plaintiff, Citizen NOLA, LLC, prays as follows:

1.      A judgment against Defendant, and each of its respective affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert or participation with it, permanently enjoining and restraining it from using, copying or otherwise infringing Plaintiff's trademark and trade dress;

2.      Ordering the seizure and destruction of any infringing materials;

3.      Ordering Defendant to pay the compensatory damages sustained by Plaintiff as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117  and for attorneys' fees should Defendant's conduct be held to be exceptional;

4.      Ordering Defendant to pay Plaintiff punitive damages as a consequence of any willful and wanton acts as alleged herein;

5.      Requiring Defendant to account for and pay to Plaintiff, all gains, profits, and advantages derived from Defendant's wrongful acts, or such alternative measure or measures of damages, including statutory damages, as may be appropriate.

6.      An award of attorneys' fees, interest and costs.

7.      Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Brad E. Harrigan*
**Brad E. Harrigan, La. Bar # 29592**
**Erin R. Rosenberg, La. Bar #34422**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:   (504) 568-1990
Facsimile:    (504) 310-9195

and

KRYSTENA L. HARPER (#27494)
HARPER LAW FIRM, LLC
610 South Peters Street
New Orleans, Louisiana 70130
Telephone: 504-274-0500
Facsimile: 504-274-0501
Email: kharper@harperllc.com

**Attorneys for Plaintiff, Citizen NOLA, LLC**